UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY LICHTENSTEIN, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> CHEXSYSTEMS, : <br> : <br> Defendant. : | Civil Action No. 14-4771 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before upon the motion filed by Defendant Chex Systems ("Defendant" or "Chex Systems") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was filed on August 21, 2014, with notice provided to pro se Plaintiff Jeffrey Lichtenstein ("Plaintiff" or "Lichtenstein"). Though a response to the motion was due on September 2, 2014, pursuant to the briefing schedule set by Local Civil Rule 7.1(d), the motion remains unopposed. The Court proceeds to rule on the motion based on the papers filed by Defendant.

This action was filed in the Superior Court of New Jersey in the Law Division's Special Civil Part. The Complaint names one Defendant, Chex Systems, but goes on to allege that "Defendant Experian" violated the Fair Credit Reporting Act for "failure to provide documentation and or [sic] verify the debt reported on their respective bureaus." Chex Systems removed the action to federal court on the basis of federal question jurisdiction, under 28 U.S.C. § 1331. The Notice of Removal asserts that the Complaint "alleges unspecified violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq." and, moreover, that to the extent Plaintiff has pled that the alleged failure to verify a debt violates the "New Jersey Fair Credit Reporting

Act," such state claims "are preempted pursuant to 15 U.S.C. § 1681t(b) by the [federal] Fair Credit Reporting Act." (Removal Pet. ¶ 3.)

This motion seeks dismissal of the Complaint for failure to state a claim against Chex Systems. To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court cannot draw such an inference from the Complaint filed by Lichtenstein because it fails to identify the alleged misconduct of Chex Systems. Without expressing any view on whether the allegations suffice to state a violation of the Fair Credit Report Act, the Court notes that the allegations are asserted "as to Defendant Experian." No facts concerning the actions of Defendant Chex Systems are alleged at all. Because Plaintiff is proceeding pro se, the Court has construed his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, this Complaint does not meet the basic pleading standard of Rule 8(a), as articulated by the Supreme Court in Iqbal, as it fails to allege facts that indicate that Chex Systems is liable for any claimed violations of the Fair Credit Reporting Act.

For this reason, the motion to dismiss will be granted. The Court will, however, dismiss the Complaint without prejudice and provide Plaintiff an opportunity to cure the deficiencies discussed in this Opinion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (holding that upon granting a defendant's motion to dismiss a deficient complaint, a district court should grant the plaintiff leave to amend within a set period of time, unless amendment of the complaint would be inequitable or futile). Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff will be granted leave to file an Amended Complaint, and the action will remain open pending that filing. Should Plaintiff fail to file an Amended Complaint within the time provided by the Court in the accompanying Order, the action will be closed.

An appropriate Order will be filed.

      s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: September 24, 2014